## Case No. 10,996.

### PERRIN v. EPPING.

[Chase, 430.] [1]

Circuit Court, D. South Carolina. 1869.

MARSHAL—COMPENSATION—FEES—RENTING BUILDING—DAMAGE TO BUILDING.

1. The United States marshal is compensated for his official service by fees. and can not lawfully rent any building in his custody, except under order of the court.

2. If he rents such property without authority, he is responsible in damages for any injury done to it in consequence.

The plaintiff in this cause had a mortgage on a building in Beresford street, and instituted proper proceedings to foreclose the same, in the course of which, after the decree of foreclosure, the house was taken possession of by the defendant, as marshal of this court, in order to hold it until the day of sale. The marshal rented the building to a large number of negroes.—some twenty or thirty of them, who occupied the rooms, six in number,—and, as the plaintiff alleged, injured it so as greatly to impair its value at the sale. The house was sold under the decree of foreclosure. and the marshal's bill for fees and costs paid under protest. among the costs being a charge of two dollars per day for taking care of this very house. Thereupon the plaintiff brings this suit against the marshal. He offered evidence to prove the facts as above stated, and, in addition, that the negroes had greatly damaged the house, had in fact almost torn it to pieces, and that the proceeds of sale were not near enough to pay the mortgage and also the fees and costs. The defendant, on the other side, offered evidence to prove that when he took charge of the building it was in a very dilapidated condition, very much out of repair. and required some one to live in it to prevent still further destruction. That believing it to be for the best interests of the mortgage creditor and mortgagor also, and for the benefit of the property, he rented it out to some negroes who were the most respectable people he could get to live in such a house, and to take charge of it, and that it was not injured by those tenants.

Porter & Conner, for plaintiff.
Simonton & Barker, for defendant.

CHASE, Circuit Justice. Gentlemen of the jury. there is very little in this case except a simple question of fact. The marshal is compensated for his official services by fees, and

can not lawfully rent any building in his custody, except under the order of the court.

If the evidence in this case satisfies you that he did so rent the building in question, and that in consequence of such renting damages were sustained by the plaintiff, it will be your duty to render a verdict accordingly.

The evidence is conflicting. It is your business, gentlemen. to sift it. The amount of damages, if you find that any has been caused by the act of the defendant, is for your determination.

The jury returned into court with a verdict for plaintiff of $800 damages.